**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PAMELA D. ALLEN,

    Plaintiff,

    v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

    Defendant.

No. 04 C 7374
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On May 19, 1998, Plaintiff Pamela Allen suffered an injury while working for the United States Postal Service. She was seen that same day by a physician at an occupational health clinic contracted by the Postal Service. After examining Allen, the doctor determined the injury prevented Allen from returning to her regular work duties until he examined her the next day. On May 20, 1998, Allen returned to the occupation health clinic and was again examined. The doctor determined that she was unable to "perform her regular work duties" until her next scheduled appointment on May 26, 1998.

On May 21, 1998, someone from the Postal Service contacted Allen's physician with regard to her ability to return to work and perform a light duty role. Her doctor advised that Allen was fit for light duty in which she could not lift more than ten pounds, could not push, pull, or carry, could not reach above her shoulders, and could not drive a car. Her doctor further indicated that her workday could consist of sitting for eight hours. Allen was called to and did return to work on May 22, 1998, performing tasks within her doctor's restrictions. On May 28, 1998, Allen was seen by an orthopedist who continued to allow her to work within the original set of restrictions.

On November 10, 1998, Allen had a scheduled day off to see her doctor who determined that Allen needed additional days off for treatment of cellulitis. Allen returned to work without receiving treatment but began feeling ill on November 11, 1998. That day she submitted a leave request for the following five days, citing the doctor's November 10th instructions. Although her leave request was approved and she was paid during that time, her leave was listed as unscheduled.

After receiving her Right to Sue letter, Allen filed the instant suit, alleging discrimination based on disability in violation of Title VII. Allen claims that the Postal Service discriminated against her when it "interfered with medical procedures" by calling her doctor and convincing him to allow her to return to work and when it classified her leave as unscheduled.

The Postal Service now moves, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Allen's Complaint. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

The Postal Service argues that Allen's claims of discrimination fail because she has not alleged an actionable adverse employment action. Since Allen has not made any allegations that could indicate direct discrimination, she must proceed under the indirect, burden-shifting method established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). To set forth a claim of discrimination under the indirect method, Allen must allege that she suffered an adverse

employment action. *See Id; Hilt-Dyson v. Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). Not everything that makes an employee unhappy is an actionable adverse action. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Only tangible employment actions that cause a significant change in employment status constitute actionable adverse actions. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 753 (1998). Examples of actionable adverse actions include hiring, firing, failing to promote, reassigning with significantly different responsibilities, and a decision causing a significant change in benefits. *Id.* The action must cause a materially adverse change in the terms and conditions of employment that is "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).

With respect to Allen's claim that her leave was improperly designated as unscheduled, I agree with the Postal Service and find that it cannot be considered as an adverse employment action. Allen asked to take five days leave starting the day following the request. The Postal Service allowed her to take the days off and paid her for the time she was absent from work. The labeling of the leave as unscheduled, without more, does not rise to the level of an actionable adverse employment action. With respect to Allen's claim that the Postal Service interfered with her medical care by improperly influencing her doctors, I find that Allen has sufficiently alleged an adverse employment action. Since it is possible that the kind of improper interference alleged by Allen could constitute an actionable adverse employment action, I will allow that part of Allen's Complaint to go forward. However, I invite the Postal Service to revisit this issue in a motion for summary judgment at some future date.

The Postal Service's Motion to Dismiss is GRANTED in part and DENIED in part.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: April 22, 2005